**RIMAC & MARTIN**
A Professional Corporation
JOSEPH M. RIMAC, ESQ. - SBN 72381
ANNA M. MARTIN, ESQ. - SBN 154279
1051 Divisadero Street
San Francisco, CA 94115
Telephone: (415) 561-8440
Facsimile:   (415) 561-8430

Attorneys for Defendants
UNUM LIFE INSURANCE COMPANY
OF AMERICA

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

**E-FILED**

| | |
|---|---|
| JANET SHALWITZ, ) | CASE NO. **CV 08 3672** |
| Plaintiff, ) | |
| vs. ) | **NOTICE OF *EX PARTE*** |
| ) | **APPLICATION AND *EX PARTE*** |
| HEALTH INITIATIVES FOR YOUTH, ) | **APPLICATION TO EXTEND TIME** |
| RELIANCE STANDARD LIFE INSURANCE ) | **TO RESPOND TO COMPLAINT;** |
| COMPANY, UNUM LIFE INSURANCE ) | **[PROPOSED] ORDER THEREON** |
| COMPANY OF AMERICA, and DOES 1 ) | |
| through 20. ) | |
| ) | |
| Defendants. ) | |

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA (hereinafter "UNUM"), submits the following *Ex Parte* Application for an Order Extending the Time for a Response to Complaint, currently due to be filed on August 25, 2008, to September 24, 2008, an additional thirty days to respond. UNUM is also requesting this extension of time on behalf of defendant Health Initiatives for Youth[1], as it has not been able to retain counsel in this matter. UNUM does not presently represent Health Initiatives for Youth, but is making this request on its

---

[1] Health Initiatives for Youth is a very small company, with only six employees, who has been unable to retain counsel in this matter. Unum is determining whether there are any conflicts in this matter, so that Unum's counsel can also represent Health Initiatives for Youth.

**EX PARTE APPLICATION TO EXTEND TIME
TO RESPOND TO COMPLAINT**          **-1-**          **CASE NO. CV 08 3672**

1  behalf.  The attached memorandum of points and authorities and declarations demonstrate good
2  cause for the requested extension of time to respond.  This application is made on three grounds:
3  (1) The counsel for UNUM has not received the complete claims files, and requires additional
4  time to review the complaint and claims files and determine the appropriate response, including
5  whether to file a motion to dismiss plaintiff's inappropriate state law claims for relief, and
6  additional time to prepare a motion to dismiss, should that be the appropriate response; (2)
7  UNUM's counsel has been unable to obtain a stipulation to extend time for the response to the
8  complaint, despite diligent efforts to do so; and (3) The counsel for UNUM also requires
9  additional time to determine whether it will be able to represent defendant Health Initiatives for
10  Youth.

                                         Respectfully submitted,

                                         RIMAC & MARTIN, P.C.


15  DATED:  August 21, 2008          By      /s/
                                         ANNA M. MARTIN
                                         Attorneys for Defendant
                                         UNUM LIFE INSURANCE COMPANY OF
                                         AMERICA


                        **POINTS AND AUTHORITIES**


I.    **INTRODUCTION**

       The Court should grant UNUM's *Ex Parte* Application for an Order Extending Time to
Respond to Complaint, to September 24, 2008, or later, for the following reasons: (1) The
counsel for UNUM has not received the complete claims files, and requires additional time to
review the complaint and claims files and determine the appropriate response, including whether
to file a motion to dismiss plaintiff's inappropriate state law claims for relief, and additional time
to prepare a motion to dismiss, should that be determined to be the appropriate response;

(2) UNUM's counsel has been unable to obtain a stipulation to extend time for the response to the complaint, despite diligent efforts to do so; and (3) The counsel for UNUM has not received the complete claims files, and requires additional time to review the complaint and claims files and determine whether it will be able to represent defendant Health Initiatives for Youth. UNUM is also requesting this extension of time on behalf of defendant Health Initiatives for Youth, as it has not been able to retain counsel in this matter. (Decl. Samayoa.)

## II.   LEGAL ARGUMENT

Local Rule 6-144(c) provides that "The Court may, in its discretion, grant an initial extension <u>ex parte</u> upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary. Except for one such initial extension, <u>ex parte</u> applications for extension of time will not ordinarily be granted."

This is UNUM's first request for an extension of time to respond to the complaint. This is also Health Initiatives for Youth's first request for an extension of time to respond to the complaint.

### 1.   <u>Good Cause Exists For Granting This Motion</u>

Counsel for defendant has requested that plaintiff stipulate to extending time for a response to the complaint, but plaintiff's counsel has not agreed to grant UNUM an extension of time. (Decl. Counsel, ¶¶ 2-5.)

Good cause exists for granting an extension of time to respond to the complaint because counsel for defendant has just received the complaint, has not yet received the entire claims files, and has thus not had the opportunity to review the claims files, and determine an appropriate response to the complaint. (Decl. Counsel, ¶ 6.) Plaintiff's complaint contains state law claims for relief, inappropriate for this matter, as it was plead under ERISA. ERISA § 502(a) (29 USC § 1132(a)) provides the exclusive cause of action for violations of ERISA, displacing state law claims. *Metropolitan Life Ins. Co. v. Taylor* 481 US 58, 60, 107 S.Ct. 1542, 1544. UNUM will require additional time to prepare a motion to dismiss on those state law claims for relief, should it choose to do so. (Decl. Counsel, ¶¶ 6, 9.) UNUM has not yet been able to determine whether

1  any conflicts exist which could prevent to represent defendant Health Initiatives for Youth.
2  (Decl. Counsel, ¶¶ 7-8); (Decl. Samayoa).
3      Thus, defendant respectfully requests that the Court extend the August 25, 2008 deadline
4  to respond to the complaint to September 24, 2008 or later.

Respectfully submitted,
RIMAC & MARTIN, P.C.

DATED: August 21, 2008    By:    /s/
    ANNA M. MARTIN
    Attorneys for Defendant
    UNUM LIFE INSURANCE COMPANY OF
    AMERICA

### ORDER

The Court, having considered the within *ex parte* application made this day by defendant UNUM Life Insurance Company of America, and good cause appearing therefor,

IT IS ORDERED that defendants Unum Life Insurance Company of America and Health Initiatives for Youth must respond to the complaint by September 24, 2008.

**SO ORDERED.**

DATED: _____    _____
    UNITED STATES DISTRICT COURT JUDGE

**RIMAC & MARTIN**
A Professional Corporation
JOSEPH M. RIMAC, ESQ. - SBN 72381
ANNA M. MARTIN, ESQ. - SBN 154279
1051 Divisadero Street
San Francisco, CA 94115
Telephone: (415) 561-8440
Facsimile:   (415) 561-8430

Attorneys for Defendants
UNUM LIFE INSURANCE COMPANY
OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

E-FILED

| | |
|---|---|
| JANET SHALWITZ, ) | CASE NO. **CV 08 3672** |
| Plaintiff, ) | |
| vs. ) | **DECLARATION OF ANNA M. MARTIN IN SUPPORT OF *EX PARTE* APPLICATION TO EXTEND TIME TO RESPOND TO COMPLAINT** |
| HEALTH INITIATIVES FOR YOUTH, RELIANCE STANDARD LIFE INSURANCE COMPANY, UNUM LIFE INSURANCE COMPANY OF AMERICA, and DOES 1 through 20. ) | |
| Defendants. ) | |

I, Anna M. Martin, declare as follows:

1. I am an attorney licensed to practice before all courts of this state. I am a principal in the law firm of Rimac & Martin, a professional corporation, and counsel of record for defendant UNUM Life Insurance Company of America ("defendant") in this case. The facts stated herein are true of my own knowledge and, if called upon to do so, I could and would testify competently thereto.

2. On August 12, 2008, I e-mailed plaintiff's counsel, Cary Kletter, requesting that he agree to a Stipulation to extend time for UNUM and Health Initiatives For Youth ("HIFY") to respond to plaintiff's complaint, to September 17, 2008, for the reasons set forth in this application.

3. Plaintiff's counsel Cary Kletter responded by e-mail of August 13, 2008, asking "Are you planning to file an Answer or some other responsive pleading?"

4. On August 15, 2008, I e-mailed plaintiff's counsel in response and informed him that UNUM would likely file a motion to dismiss plaintiff's state law claims for relief.

5. On August 15, 2008, plaintiff's counsel advised that UNUM could have an extension of time to answer only. Additionally, plaintiff's counsel refused to grant HIFY an extension because I did not represent HIFY. Plaintiff's counsel has refused to provide defendant with an extension of time to respond to the complaint.

6. My office has not received the complete files from my client. I cannot prepare an adequate response until I have reviewed the complete files.

7. I have not yet been able to review the files and other documentation, and therefore do not yet know if I will be able to represent Health Initiatives for Youth, or whether a conflict exists which would prevent such representation.

8. At the present time, I have been authorized by Elizabeth Samayoa of Health Initiatives For Youth to request this extension of time on their behalf. Ms. Samayoa has requested an extension through September 24, 2008. I do not presently represent Health Initiatives For Youth.

9. I have reviewed plaintiff's complaint and it contains state law claims for relief for which a Motion to Dismiss would be appropriate, as this is an ERISA matter. I need additional time to prepare a Motion to Dismiss. UNUM may also move to dismiss or the alternative for summary judgment to dismiss the entire matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed August 21, 2008, at San Francisco, California.

/s/

-2-
DECLARATION IN SUPPORT OF
APPLICATION TO EXTEND TIME TO RESPOND
TO COMPLAINT                                              CASE NO. CV 08 3672

ANNA M. MARTIN

-3-
DECLARATION IN SUPPORT OF
APPLICATION TO EXTEND TIME TO RESPOND
TO COMPLAINT                                          CASE NO. CV 08 3672

**RIMAC & MARTIN**
A Professional Corporation
JOSEPH M. RIMAC, ESQ. - SBN 72381
ANNA M. MARTIN, ESQ. - SBN 154279
1051 Divisadero Street
San Francisco, CA 94115
Telephone: (415) 561-8440
Facsimile:   (415) 561-8430

Attorneys for Defendants
UNUM LIFE INSURANCE COMPANY
OF AMERICA

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

**E-FILED**

| | |
|---|---|
| JANET SHALWITZ, ) | CASE NO. **CV 08 3672** |
| Plaintiff, ) | |
| vs. ) | **DECLARATION OF ELIZABETH SAMAYOA IN SUPPORT OF *EX PARTE* APPLICATION TO EXTEND TIME TO RESPOND TO COMPLAINT** |
| HEALTH INITIATIVES FOR YOUTH, RELIANCE STANDARD LIFE INSURANCE COMPANY, UNUM LIFE INSURANCE COMPANY OF AMERICA, and DOES 1 through 20. ) | |
| Defendants. ) | |

I, Elizabeth Samayoa, declare as follows:

1. I am the Director of Finance and Administration of Health Initiatives for Youth, a defendant in this matter. The facts stated herein are true of my own knowledge and, if called upon to do so, I could and would testify competently thereto.

2. Anna M. Martin of Rimac Martin, P.C., does not represent Health Initiatives for Youth in this matter, but I have asked her to obtain an extension of time for Health Initiatives for Youth to respond to the complaint through September 24, 2008. Ms. Martin has agreed to file a request for extension of time to respond to the complaint on behalf of Health Initiatives for Youth.

3. Good cause exists for our request for an extension of time to respond to the

-1-
DECLARATION IN SUPPORT OF
APPLICATION TO EXTEND TIME TO RESPOND
TO COMPLAINT                                                                CASE NO. CV 08 3672

1  complaint because time is needed to determine whether any conflicts exists that would prevent
2  Ms. Martin and Rimac Martin, P.C. to represent Health Initiatives for Youth.  If any conflicts
3  prevent such representation, we will require additional time to find and retain counsel to
4  represent Health Initiatives for Youth.
5       4.   Good cause also exists for our request for an extension of time to respond to the
6  complaint because Health Initiatives for Youth requires additional time to gather the
7  documentation regarding this matter and determine an appropriate response.

9  I declare under penalty of perjury under the laws of the United States of America that the
10 foregoing is true and correct.
11 Executed August 21, 2008, at San Francisco, California.

13 _____/s/_____
14 ELIZABETH SAMAYOA

-2-
**DECLARATION IN SUPPORT OF**
**APPLICATION TO EXTEND TIME TO RESPOND**
**TO COMPLAINT**                                                **CASE NO. CV 08 3672**