Cary S. Kletter
KLETTER & PERETZ
22 Battery Street, Suite 202
San Francisco, California 94111
Telephone: 415.732.3777
Facsimile: 415.732.3791

Attorney for Plaintiff,
JANET SHALWITZ

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| JANET SHALWITZ, | Case No. CV 08 3672 |
|---|---|
| Plaintiff, | **FIRST AMENDED COMPLAINT OF JANET SHALWITZ** |
| vs. | 1. Denial of ERISA Benefits; |
| HEALTH INITIATIVES FOR YOUTH, RELIANCE STANDARD LIFE INSURANCE COMPANY, UNUM LIFE INSURANCE COMPANY OF AMERICA, and DOES 1 through 20. | 2. Breach of Fiduciary Duty under ERISA; 3. Violation of ERISA section 502(a)(3); and 4. Declaratory Relief. |
| Defendants. | |

### INTRODUCTION

This is an action brought by Doctor JANET SHALWITZ ("DR. SHALWITZ") against Defendants HEALTH INITIATIVES FOR YOUTH, RELIANCE STANDARD LIFE INSURANCE COMPANY, UNUM LIFE INSURANCE COMPANY OF AMERICA, and DOES 1 through 20 (collectively "DEFENDANTS") in connection with claims arising from DEFENDANTS' denial of DR. SHALWITZ's Long Term Disability ("LTD") benefits claim.

### JURISDICTION

This action is for equitable relief and for benefits under an employee benefit plan and is brought under the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sections 1001

et seq. (hereinafter "ERISA"). This Court has subject matter jurisdiction pursuant to 29 U.S.C. Section 1132 and 28 U.S.C. Section 1331.

## PARTIES

1. DR. SHALWITZ was a resident of the City of San Francisco, County of San Francisco, State of California.

2. DR. SHALWITZ was an employee of Defendant HEALTH INITIATIVES FOR YOUTH ("HIFY") in San Francisco from approximately September 2001 through September 2005.

3. Defendant HEALTH INITIATIVES FOR YOUTH is a San Francisco based healthcare organization which also engages in lobbying.

4. Defendant RELIANCE STANDARD LIFE INSURANCE COMPANY ("RELIANCE") was an insurance company that provided HEALTH INITIATIVES FOR YOUTH with a long term disability group benefits plan, specifically policy number LSC 97,2000 and/or LSC 0110928 (the "RELIANCE POLICY").

5. RELIANCE is, and at all times herein was, an insurance company authorized under the laws of California to do business as an insurer.

6. Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA ("UNUM") was an insurance company that provided HEALTH INITIATIVES FOR YOUTH with a long term disability group benefits plan, specifically policy number 108878 (the "UNUM POLICY").

7. UNUM is, and at all times herein was, an insurance company authorized under the laws of California to do business as an insurer.

## FACTUAL ALLEGATIONS

8. DR. SHALWITZ is a pediatric physician.

9. DR. SHALWITZ worked for HIFY for approximately 5 years commencing in September 2001 and ending in September 2005.

10. HIFY maintained a group benefits plan for its employees and that group benefits plan included long term disability benefits.

11. HIFY informed DR. SHALITZ when she was recruited and hired that she would be included in the group benefits plan upon the commencement of her employment and that, among other benefits, she would be entitled to long term disability benefits.

12. While employed by HIFY, DR. SHALWITZ was repeatedly informed that she was a participant in HIFY's group benefit plan and that she was covered under the LTD insurance policies.

13. On or about September 2, 2005, DR. SHALWITZ became totally disabled due to spinal stenosis and back surgery that failed (lumbar laminectomy).

14. DR. SHALWITZ is indisputably and clearly disabled. As a result of the spinal stenosis and the surgery failure, DR. SHALWITZ suffers from severe pain, near constant discomfort, an inability to sit or stand in the same location for any meaningful period of time, she cannot lift objects that person who are not disabled can lift and she has other manifestations of total disability.

15. As a result of her disabilities, DR. SHALWITZ became unable to perform the duties of her position with HIFY.

16. As a result of the actions of DEFENDANTS, DR. SHALWITZ has been improperly denied the benefits in the UNUM Policy and the RELIANCE Policy. DR. SHALWITZ suffered financial loss and been forced to incur attorneys' fees as a result of the improper denial of her LTD benefits.

**RELIANCE Claim**

17. On or about September 25, 2005, when it was clear that as a result of her disabilities DR. SHALWITZ could no longer work, she applied for Long Term Disability ("LTD") benefits from RELIANCE.

18. RELIANCE denied DR. SHALWITZ's application for LTD benefits in a letter dated January 31, 2006 (the "RELIANCE Denial Letter"). This decision was an adverse benefits decision within the meaning of Department of Labor regulations under ERISA § 503, 29 U.S.C. § 113. [See 29 C.F.R. §2560.503-1(m)(4)].

19. Thereafter DR. SHALWITZ sought to compel RELIANCE to overturn its erroneous decision.

20. By letter dated July 19, 2006, DR. SHALWITZ requested an appeal review by RELIANCE.

21. Over two years later, RELIANCE has failed to decide DR. SHALWITZ's appeal and to date it remains undecided.

**UNUM CLAIM**

22. On or about July 31, 2006, DR. SHALWITZ applied for Long Term Disability ("LTD") benefits from UNUM.

23. UNUM denied DR. SHALWITZ's application for LTD benefits in a letter dated December 12, 2006 (the "UNUM Denial Letter"). This decision was an adverse benefits decision within the meaning of Department of Labor regulations under ERISA § 503, 29 U.S.C. § 113. [See 29 C.F.R. §2560.503-1(m)(4)].

24. Thereafter DR. SHALWITZ sought to compel UNUM to overturn its erroneous decision.

25. UNUM again denied DR. SHALWITZ's claim for benefits by letter dated July 30, 2007 ("UNUM's Second Denial Letter"). That decision was also an adverse benefits decision within the meaning of Department of Labor regulations under ERISA § 503, 29 U.S.C. § 113. [See 29 C.F.R. §2560.503-1(m)(4)].

26. In UNUM's Second Denial Letter, UNUM informed SHALWITZ that her LTD benefits claim was denied because UNUM concluded that the exclusion in the UNUM Policy for pre-existing condition applied.

27. It is notable that after first denying DR. SHALWITZ's LTD claim, UNUM reversed its initial denial and then denied the claim again upon re-review on a different basis.

28. UNUM failed to properly investigate and review DR. SHALWITZ's claim and violated the terms of the Settlement Agreement with the California Department of Insurance from October 2005.

29. UNUM does not dispute that DR. SHALWITZ is disabled, nor that she is unable to work in her previous capacity, however it does dispute her contention that she is entitled to the LTD benefits set forth in the UNUM Policy.

30. Since UNUM is both the funder of LTD benefits under the POLICY, and the entity which must determine if benefits should be paid, UNUM has an indisputable inherent conflict

of interest situation. UNUM fiduciary duties are in conflict with its role as a profit making entity.

31. UNUM failed to give appropriate weight to the opinions of DR. SHALWITZ's treating physicians in rendering its determinations.

**HIFY Claim**

32. Since HIFY informed DR. SHALITZ when she was recruited and hired that she would be entitled to LTD benefits, but may not have properly secured LTD benefits for her, HIFY breached its agreements with, and obligations to, DR. SHALWITZ.

33. HIFY repeatedly informed DR. SHALWITZ that she was a participant in HIFY's group benefit plan and that, inter alia, she was covered under the LTD policies of insurance.

34. HIFY had an unwritten agreement with DR. SHALWITZ and HIFY breached that agreement by failing to provide DR. SHALWITZ with LTD benefits.

## FIRST CAUSE OF ACTION
### Denial of ERISA Benefits

35. DR. SHALWITZ incorporates by reference all of the foregoing paragraphs as though set forth fully herein.

36. DR. SHALWITZ was a beneficiary under HIFY's Group LTD insurance policies, including the UNUM Policy and the RELIANCE Policy.

37. At all material times herein, DR. SHALWITZ complied with all of the material provisions of the UNUM Policy and/ or compliance has been waived, and/or DEFENDANTS are estopped to argue any failure to comply.

38. Under the UNUM Policy, DEFENDANTS (other than HIFY and RELIANCE) were obligated to pay LTD benefits to DR. SHALWITZ if she became disabled while the UNUM Policy was in force.

39. While the UNUM Policy was in force, on or about September 2, 2005, DR. SHALWITZ became disabled and unable to work in her former position.

40. DEFENDANTS' refusal to pay the LTD benefit due to DR. SHALWITZ under the UNUM Policy violates the terms of the UNUM Policy and ERISA.

41. As a proximate result of DEFENDANTS' denial of ERISA benefits, DR. SHALWITZ has suffered economic damages including insurance benefits and attorneys' fees, to be shown according to proof.

42. At all material times herein, DR. SHALWITZ complied with all of the material provisions of the RELIANCE Policy and/ or compliance has been waived, and/or DEFENDANTS are estopped to argue any failure to comply.

43. Under the RELIANCE Policy, DEFENDANTS (other than HIFY and UNUM) were obligated to pay LTD benefits to DR. SHALWITZ if she became disabled while the RELIANCE Policy was in force.

44. While the RELIANCE Policy was in force, on or about September 2, 2005, DR. SHALWITZ became disabled and unable to work in her former position.

45. DEFENDANTS' refusal to pay the LTD benefit due to DR. SHALWITZ under the RELIANCE Policy violates the terms of the RELIANCE Policy and ERISA.

46. Despite DR. SHALWITZ's demand that DEFENDANTS provide her with the LTD benefits to which she is entitled, DEFENDANTS have refused to do so.

47. DR. SHALWITZ's claim is brought under Section 502(a)(1)(B) of ERISA which allows a beneficiary to recover benefits due to her and to enforce her rights under an employee benefit plan. 29 U.S.C. §1132(a)(1)(B). Furthermore, the Court has authority to award DR. SHALWITZ her attorney's fees, pre-judgment interest, and costs. 29 U.S.C. §1132(g)(1).

## SECOND CAUSE OF ACTION
### Breach of Fiduciary Duty under ERISA

48. DR. SHALWITZ incorporates by reference all of the foregoing paragraphs as though set forth fully herein.

49. At all times, DEFENDANTS (except RELAINCE) administered the UNUM Policy with respect to claims and payment of LTD benefits under the UNUM Policy.

50. At all times, DEFENDANTS (except UNUM) administered the RELIANCE Policy with respect to claims and payment of LTD benefits under the RELIANCE Policy.

51. Accordingly, DEFENDANTS are fiduciaries of an employee benefit plan under ERISA.

52. 29 U.S.C. §1109(a) provides:

Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. A fiduciary may also be removed for a violation of section 1111 of this title.

53. The fiduciary duties under ERISA in part are that:

a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and--

(A) for the exclusive purpose of:

(i) providing benefits to participants and their beneficiaries; and…

(B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

54. DEFENDANTS breached their fiduciary duty by acting counter to the interests of a beneficiary, DR. SHALWITZ in the following respects:

    (a)    Engaging in a course of conduct to diminish valid claims in an attempt to avoid proper reimbursement to DR. SHALWITZ;

    (b)    Unjustly and wrongfully refusing to pay DR. SHALWITZ the LTD benefits due under the UNUM Policy and/or the RELIANCE Policy;

    (c)    Failing to reasonably and adequately investigate DR. SHALWITZ's claims;

    (d)    Consciously and unreasonably refusing to make payment to DR. SHALWITZ, with the intent of enriching DEFENDANTS at DR. SHALWITZ's expense;

    (e)    Delaying payment of the claim;

    (f)    Unreasonably relying on the opinion of a biased medical professional as grounds for depriving DR. SHALWITZ of the LTD benefit that she is entitled to;

(g) Unreasonably relying on the opinion of a medical professional who did not examine DR. SHALWITZ as grounds for depriving DR. SHALWITZ of the LTD benefit that she is entitled to;

(h) Failing to give appropriate deference to DR. SHALWITZ's treating medical professionals and doctors;

(i) Adopting unreasonable and self-serving interpretations of the POLICY language as a basis for denial of DR. SHALWITZ's claim;

(j) Acting in their own self-interest and contrary to the interests of DR. SHALWITZ;

(k) Failing (in the case of UNUM) to act in accordance with the Settlement Agreement between UNUM and the California Department of Insurance from October 2005;

(l) By failing to secure LTD benefits as promised (HIFY); and

(m) By incorrectly informing DR. SHALWITZ she was covered under the LTD policies when she was not (HIFY).

55. By performing the acts set forth above, DEFENDANTS breached fiduciary duties, did not carry out their duties with respect to the UNUM Policy and/or the RELIANCE Policy solely in the interest of DR. SHALWITZ. Further, DEFENDANTS did not investigate DR. SHALWITZ's claim with the skill, prudence, and diligence that a prudent person would have exercised in a like circumstance.

56. As a proximate cause of the aforementioned conduct by DEFENDANTS, DR. SHALWITZ has suffered economic damages including LTD benefits and attorneys' fees, to be shown according to proof.

### THIRD CAUSE OF ACTION
### Violation of ERISA section 502(a)(3)

57. DR. SHALWITZ incorporates by reference all of the foregoing paragraphs as though set forth fully herein.

58. ERISA section 502(a)(3) grants DR. SHALWITZ the right to bring an action to "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief." 29 U.S.C. §1131(a)(3).

59. DEFENDANTS' conduct has deprived DR. SHALWITZ of LTD benefits and absent assistance from the Court, DEFENDANTS will continue to deny her the benefit due under the UNUM Policy and/or the RELIANCE Policy.

60. Unless DEFENDANTS are restrained from continuing their inappropriate and unjust conduct, they will continue to violate the terms of the applicable insuring agreement(s) and their fiduciary duties. The denial of the LTD benefits due to DR. SHALWITZ will cause her irreparable harm and it would be difficult or impossible to ascertain the amount of compensation which would afford DR. SHALWITZ adequate relief unless this Court grants injunctive relief.

## FOURTH CAUSE OF ACTION
### Declaratory Relief

61. DR. SHALWITZ incorporates by reference all of the foregoing paragraphs as though set forth fully herein.

62. At all times herein mentioned, the UNUM Policy was, and is, in full force and effect.

63. Under the UNUM Policy, DEFENDANTS undertook to insure and did insure DR. SHALWITZ for LTD benefits.

64. At all times herein mentioned, the RELIANCE Policy was, and is, in full force and effect.

65. Under the RELIANCE Policy, DEFENDANTS undertook to insure and did insure DR. SHALWITZ for LTD benefits.

66. An actual controversy has arisen between the beneficiary, DR. SHALWITZ, and DEFENDANTS as to whether a pre-existing condition exclusion applies, as defined in each of the respective applicable policies of insurance.

67. DR. SHALWITZ seeks declarations by this Court that:
   a. HIFY promised DR. SHALWITZ LTD benefits as a perquisite of employment;
   b. HIFY's failure to properly secure LTD benefits for DR. SHALWITZ's was unwarranted, unreasonable and inexcusable;
   c. DR. SHALWITZ was/is covered under UNUM Policy;
   d. DR. SHALWITZ was/is covered under the RELIANCE Policy;
   e. No pre-existing condition or other exclusion applies;

   f. DR. SHALWITZ's LTD benefits should have been provided to her by one or more DEFENDANTS when she initially applied; and

   g. As a proximate cause of the aforementioned conduct by HIFY, UNUM and/or RELIANCE, DR. SHALWITZ has suffered economic damages including insurance benefits and attorneys' fees.

## PRAYER FOR RELIEF

Wherefore, DR. SHALWITZ prays for this Court to grant the following relief:

1. For all benefits due under the UNUM Policy, together with interest thereon at the legal rate;
2. For all benefits due under the RELIANCE Policy, together with interest thereon at the legal rate;
3. For attorneys' fees and other expenses incurred to obtain the benefits due under the Policy;
4. For costs of suit incurred herein;
5. That the Court issue declarations as described herein;
6. That DEFENDANTS be enjoined as described above; and
7. All other further relief as this Court deems just and proper.

Dated: August 21, 2008                                  KLETTER & PERETZ

By: _____
Cary S. Kletter
Attorney for Plaintiff,
JANET SHALWITZ