**RIMAC MARTIN, P.C.**
JOSEPH M. RIMAC - State Bar No. 72381
ANNA M. MARTIN - State Bar No. 154279
1051 Divisadero Street
San Francisco, California 94115
Telephone (415) 561-8440
Facsimile (415) 561-8430

Attorneys for Defendant
UNUM LIFE INSURANCE COMPANY OF AMERICA

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# E-FILING

| | |
|---|---|
| JANET SHALWITZ, | CASE NO. CV 08-3672 WDB |
| Plaintiff, | **DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT OF JANET SHALWITZ** |
| vs. | |
| HEALTH INITIATIVES FOR YOUTH, RELIANCE STANDARD LIFE INSURANCE COMPANY, UNUM LIFE INSURANCE COMPANY OF AMERICA, and DOES 1 through 20, | |
| Defendants. | |

COMES NOW Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA ("UNUM"), and in answer to Plaintiff's Complaint ("plaintiff's complaint"), responds, states, and avers as follows:

1. Answering the section entitled "INTRODUCTION" in plaintiff's complaint, UNUM denies each and every allegation contained in that unnumbered first paragraph of plaintiff's complaint.

2. Answering the section entitled "JURISDICTION" in plaintiff's complaint, UNUM admits that this lawsuit is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). UNUM further admits that this Court has subject matter jurisdiction. Save and

1  except as expressly admitted herein, defendants deny each and every remaining allegation
2  contained in that unnumbered second paragraph of plaintiff's complaint.

3      3.    Answering paragraph 1 of plaintiff's complaint, UNUM admits that it has
4  received information that plaintiff was a resident of the City and County of San Francisco,
5  California. Save and except as expressly admitted herein UNUM denies each and every
6  remaining allegation contained in paragraph 1 of plaintiff's complaint.

7      4.    Answering paragraph 2 of plaintiff's complaint, UNUM admits that it has
8  received information that plaintiff was an employee of co-defendant HEALTH INITIATIVES
9  FOR YOUTH ("HIFY") in San Francisco some of the time, but not all of the time, mentioned
10 herein. Save and except as expressly admitted herein UNUM denies each and every remaining
11 allegation contained in paragraph 2 of plaintiff's complaint.

12     5.    Answering paragraph 3 of plaintiff's complaint, UNUM is without sufficient
13 information or belief to either admit or deny the allegations contained in paragraph 3 of
14 plaintiff's complaint and on that basis denies the same.

15     6.    Answering paragraph 4 of plaintiff's complaint, UNUM is without sufficient
16 information or belief to either admit or deny the allegations contained in paragraph 4 of
17 plaintiff's complaint and on that basis denies the same.

18     7.    Answering paragraph 5 of plaintiff's complaint, UNUM is without sufficient
19 information or belief to either admit or deny the allegations contained in paragraph 5 of
20 plaintiff's complaint and on that basis denies the same.

21     8.    Answering paragraph 6 of plaintiff's complaint, UNUM admits that HIFY
22 purchased group long term disability insurance, policy number 108878 for its eligible employees
23 from UNUM. Save and except as expressly admitted herein, UNUM denies each and every
24 remaining allegation contained in paragraph 6 of plaintiff's complaint.

25     9.    Answering paragraph 7 of plaintiff's complaint, UNUM admits that it is an
26 insurance company authorized to transact the business of insurance in the State of California at
27 all times mentioned herein. Save and except as expressly admitted herein, UNUM denies each
28 and every remaining allegation contained in paragraph 7 of plaintiff's complaint

10.     Answering paragraph 8 of plaintiff's complaint, UNUM admits that it received information that plaintiff was working as a pediatric physician at some of the time but not all of the time mentioned herein. Save and except as expressly admitted herein, UNUM denies each and every remaining allegation contained in paragraph 8 of plaintiff's complaint.

11.     Answering paragraph 9 of plaintiff's complaint, UNUM admits that plaintiff worked for HIFY at some of the time, but not all of the time mentioned in paragraph 9 of plaintiff's complaint. Save and except as expressly admitted herein, UNUM denies each and every remaining allegation contained in paragraph 9 of plaintiff's complaint.

12.     Answering paragraph 10 of plaintiff's complaint, UNUM admits that HIFY purchased group long term disability insurance, policy number 108878 for its eligible employees. Save and except as expressly admitted herein, UNUM denies each and every remaining allegation contained in paragraph 10 of plaintiff's complaint.

13.     Answering paragraph 11 of plaintiff's complaint, UNUM lacks sufficient information and belief as to the allegations contained therein and on that basis can neither admit or deny the allegations contained in paragraph 11 of plaintiff's complaint.

14.     Answering paragraph 12 of plaintiff's complaint, UNUM denies each and every allegation contained in paragraph 12 of plaintiff's complaint.

15.     Answering paragraph 13 of plaintiff's complaint, UNUM denies each and every allegation contained in paragraph 13 of plaintiff's complaint.

16.     Answering paragraph 14 of plaintiff's complaint, UNUM denies each and every allegation contained in paragraph 14 of plaintiff's complaint.

17.     Answering paragraph 15 of plaintiff's complaint, UNUM denies each and every allegation contained in paragraph 15 of plaintiff's complaint.

18.     Answering paragraph 16 of plaintiff's complaint, UNUM denies each and every allegation contained in paragraph 16 of plaintiff's complaint.

19.     Answering paragraph 17 of plaintiff's complaint, a response from UNUM is not required.

///

1    20.   Answering paragraph 18 of plaintiff's complaint, a response from UNUM is not required.

2    21.   Answering paragraph 19 of plaintiff's complaint, a response from UNUM is not required.

3    22.   Answering paragraph 20 of plaintiff's complaint, a response from UNUM is not required.

4    23.   Answering paragraph 21 of plaintiff's complaint, a response from UNUM is not required.

5    24.   Answering paragraph 22 of plaintiff's complaint, UNUM admits that Dr. Shalwitz applied for long term disability benefits on or before July 31, 2006. Save and except as expressly admitted herein, UNUM denies each and every remaining allegation in paragraph 22 of plaintiff's complaint.

6    25.   Answering paragraph 23 of plaintiff's complaint, UNUM states that it issued its initial decision to deny benefits to plaintiff on or about December 12, 2006. Save and except as expressly admitted herein, UNUM denies each and every remaining allegation in paragraph 23 of plaintiff's complaint.

7    26.   Answering paragraph 24 of plaintiff's complaint, UNUM is without sufficient information or belief to either admit or deny the allegations contained in paragraph 24 plaintiff's complaint and on that basis denies the same.

8    27.   Answering paragraph 25 of plaintiff's complaint, UNUM admits that it again issued an initial decision to deny benefits to plaintiff on or about July 30, 2007. Save and except as expressly admitted herein, UNUM denies each and every remaining allegation in paragraph 25 of plaintiff's complaint.

9    28.   Answering paragraph 26 of plaintiff's complaint, UNUM admits that plaintiff's claim is excluded by the pre-existing provision in the policy. Save and except as expressly admitted herein, UNUM denies each and every remaining allegation contained in paragraph 26 of plaintiff's complaint.

///

29. Answering paragraph 27 of plaintiff's complaint, UNUM admits that it reversed its initial decision because UNUM determined that more information should be obtained. UNUM further admits that this demonstrates that UNUM provided a full and fair review of plaintiff's claim. Save and except as expressly admitted herein, UNUM denies each and every remaining allegation in paragraph 27 of plaintiff's complaint.

30. Answering paragraph 28 of plaintiff's complaint, UNUM denies each and every allegation contained in paragraph 28 of plaintiff's complaint.

31. Answering paragraph 29 of plaintiff's complaint, UNUM denies each and every allegation contained in paragraph 29 of plaintiff's complaint.

32. Answering paragraph 30 of plaintiff's complaint, UNUM admits that it is the claims review fiduciary. Save and except as expressly admitted herein, UNUM denies each and every remaining allegation contained in paragraph 30 of plaintiff's complaint.

33. Answering paragraph 31 of plaintiff's complaint, UNUM denies each and every allegation contained in paragraph 31 of plaintiff's complaint.

34. Answering paragraph 32 of plaintiff's complaint, a response from UNUM is not required.

35. Answering paragraph 33 of plaintiff's complaint, a response from UNUM is not required.

36. Answering paragraph 34 of plaintiff's complaint, a response from UNUM is not required.

37. Answering paragraph 35, UNUM incorporates by reference all the foregoing paragraphs as though set forth fully herein.

38. Answering paragraph 36 of plaintiff's complaint, UNUM denies that plaintiff was a participant in or beneficiary of the UNUM group long term disability policy at any of the times mentioned herein. UNUM denies each and every allegation contained in paragraph 36 of plaintiff's complaint.

39. Answering paragraph 37 of plaintiff's complaint, UNUM denies each and every allegation contained in paragraph 37 of plaintiff's complaint.

40. Answering paragraph 38 of plaintiff's complaint, UNUM denies each and every allegation contained in paragraph 38 of plaintiff's complaint.

41. Answering paragraph 39 of plaintiff's complaint, UNUM denies each and every allegation contained in paragraph 39 of plaintiff's complaint.

42. Answering paragraph 40 of plaintiff's complaint, UNUM denies each and every allegation contained in paragraph 40 of plaintiff's complaint.

43. Answering paragraph 41 of plaintiff's complaint, UNUM denies each and every allegation contained in paragraph 41 of plaintiff's complaint.

44. Answering paragraph 42 of plaintiff's complaint, UNUM denies each and every allegation contained in paragraph 42 of plaintiff's complaint.

45. Answering paragraph 43 of plaintiff's complaint, a response from UNUM is not required.

46. Answering paragraph 44 of plaintiff's complaint, UNUM denies each and every allegation contained in paragraph 44 of plaintiff's complaint.

47. Answering paragraph 45 of plaintiff's complaint, UNUM denies each and every allegation contained in paragraph 45 of plaintiff's complaint.

48. Answering paragraph 46 of plaintiff's complaint, UNUM avers that under the terms of the UNUM group long term disability policy, plaintiff is not entitled to disability benefits, and therefore denies each and every allegation contained in paragraph 46 of plaintiff's complaint.

49. Answering paragraph 47 of plaintiff's complaint, UNUM admits that this matter is governed by ERISA although plaintiff was not a participant in or beneficiary of the UNUM group long term disability plan.  UNUM is not required to respond to legal conclusions.  Save and except as expressly admitted herein, defendant denies each and every remaining allegation in paragraph 47 of plaintiff's complaint.

50. Answering paragraph 48, UNUM incorporates by reference all the foregoing paragraphs as though set forth fully herein.

///

51. Answering paragraph 49 of plaintiff's complaint, UNUM admits that it was the claims review fiduciary and that HIFY is the plan administrator of the UNUM group long term disability plan. Save and except as expressly admitted herein, UNUM denies each and every remaining allegation contained in paragraph 49 of plaintiff's complaint.

52. Answering paragraph 50 of plaintiff's complaint, a response from UNUM is not required.

53. Answering paragraph 51 of plaintiff's complaint, UNUM admits that it is the claims review fiduciary of the UNUM group long term disability plan. Save and except as expressly admitted herein, UNUM denies each and every remaining allegation contained in paragraph 51 of plaintiff's complaint.

54. Answering paragraph 52 of plaintiff's complaint, plaintiff purports to cite the provisions of 29 U.S.C. § 1109(a). UNUM is not required to respond to legal conclusions and on that basis denies each and every allegation contained in paragraph 52 of plaintiff's complaint.

55. Answering paragraph 53 of plaintiff's complaint, plaintiff purports to cite to a statute setting forth fiduciary duties under ERISA. UNUM is not required to respond to legal conclusions and on that basis denies each and every allegation contained in paragraph 53 of plaintiff's complaint.

56. Answering paragraph 54 of plaintiff's complaint, and subparts (a) through (m) contained therein, UNUM denies each and every allegation of paragraph 54 and subparts (a) through (m) of plaintiff's complaint.

57. Answering paragraph 55 of plaintiff's complaint, UNUM denies each and every allegation contained in paragraph 55 of plaintiff's complaint.

58. Answering paragraph 56 of plaintiff's complaint, UNUM denies each and every allegation contained in paragraph 56 of plaintiff's complaint.

59. Answering paragraph 57, UNUM incorporates by reference all of the foregoing paragraphs as though set forth fully herein.

///

///

60. Answering paragraph 58 of plaintiff's complaint, plaintiff purports to cite the provisions of ERISA § 502(a)(3). UNUM is not required to respond to legal conclusions and on that basis denies each and every allegation contained in paragraph 58 of plaintiff's complaint.

61. Answering paragraph 59 of plaintiff's complaint, UNUM denies each and every allegation contained in paragraph 59 of plaintiff's complaint.

62. Answering paragraph 60 of plaintiff's complaint, UNUM denies each and every allegation contained in paragraph 60 of plaintiff's complaint.

63. Answering paragraph 61, UNUM incorporates by reference all of the foregoing paragraphs as though set forth fully herein.

64. Answering paragraph 62 of plaintiff's complaint, UNUM denies that plaintiff was a participant in or a beneficiary of the UNUM group long term disability plan at any of the time mentioned here. UNUM denies each and every allegation contained in paragraph 62 of plaintiff's complaint.

65. Answering paragraph 63 of plaintiff's complaint, UNUM denies each and every allegation contained in paragraph 63 of plaintiff's complaint.

66. Answering paragraph 64 of plaintiff's complaint, UNUM denies each and every allegation contained in paragraph 64 of plaintiff's complaint.

67. Answering paragraph 65 of plaintiff's complaint, UNUM denies each and every allegation contained in paragraph 65 of plaintiff's complaint.

68. Answering paragraph 66 of plaintiff's complaint, UNUM admits the allegations contained in paragraph 66 of plaintiff's complaint.

69. Answering paragraph 67 and subparts (a) through (g) contained therein, UNUM denies each and every allegation contained in paragraph 67 and subparts (a) through (g) of plaintiff's complaint.

70. Answering paragraphs 1 through 7 of plaintiff's prayer for relief, UNUM denies that plaintiff is entitled to any benefits under the UNUM policy, denies that plaintiff is entitled to attorneys' fees nor any expenses allegedly incurred; denies that plaintiff has been damaged in the

///

amount alleged, in any amount, or at all, and further denies that plaintiff is entitled to any relief whatsoever.

**WHEREFOR,** UNUM prays for judgment as set forth below.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.  Plaintiff's purported claims for relief fails to state facts sufficient to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2.  Plaintiff's recovery, if any, is limited by the terms, conditions, limitations, exclusions and other provisions of the Plan.

### THIRD AFFIRMATIVE DEFENSE

3.  Plaintiff's claims against defendant arise solely under ERISA. Therefore, plaintiff's rights and remedies are limited solely to those afforded under ERISA.

### FOURTH AFFIRMATIVE DEFENSE

4.  Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

5.  Plaintiff has failed to mitigate her alleged damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

6.  Plaintiff's claims are barred, in whole or in part, to the extent that plaintiff has failed to perform all of her obligations under the UNUM group long term disability plan at issue.

### SEVENTH AFFIRMATIVE DEFENSE

7.  The decision on plaintiff's claim was neither arbitrary nor capricious.

### EIGHTH AFFIRMATIVE DEFENSE

8.  No act or omission of UNUM constitutes the proximate or legal cause of any of plaintiff's damages, if any, because, amongst other things, the terms of the alleged contract of insurance did not allow for payment of the claimed benefits.

///

///

**NINTH AFFIRMATIVE DEFENSE**

9. Any alleged damage suffered by plaintiff was in no way caused by, or the result of, any fault, act or omission by UNUM, but was caused by circumstances, persons, and/or entities, including plaintiff, for which and/or whom UNUM is not and may not be held responsible, and for which UNUM cannot be held liable.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff's conduct bars, estops and/or constitutes a waiver of the claims asserted in plaintiff's complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Plaintiff's complaint fails to state facts sufficient to entitle plaintiff to an award of attorneys' fees under ERISA.

**TWELFTH AFFIRMATIVE DEFENSE**

12. While denying any liability to plaintiff, there is no "vesting" of benefits under the policy, and any claim for benefits based on an alleged continuing disability must be supported by proof of such continuing disability. Benefits cannot be awarded prospectively.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. UNUM Life Insurance Company of America is an improper defendant in that ERISA permits suits to recover benefits only against the Plan as an entity. *Everhart v. Allmerica*, 275 F.3d 751 (9th Cir. 2001) and *Ford v. MCI Communications Corp. Health and Welfare Plan*, 399 F.3d 1076 (9th Cir. 2005).

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Plaintiff's claims are barred in whole or in part by the contractual limitation contained in the plan.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Plaintiff's claims are barred in whole or in part by the contractual limitation provided for by Insurance Code, Section 10350.11 and included in the UNUM group long term disability plan.

///

**WHEREFOR**, UNUM prays for judgment as follows:

1    That plaintiff take nothing by reason of her complaint;

2.    For defendant's attorneys' fees and costs of suit incurred herein; and,

3.    For such other and further relief as the Court deems just and proper.

RIMAC MARTIN, P.C.

DATED: September 4, 2008    By:    /s/ ANNA M. MARTIN
ANNA M. MARTIN
Attorneys for Defendant
UNUM LIFE INSURANCE COMPANY OF AMERICA