UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANET SHALWITZ,

       Plaintiff,

    v.

HEALTH INITIATIVES FOR YOUTH, RELIANCE STANDARD LIFE INSURANCE COMPANY, UNUM LIFE INSURANCE COMPANY OF AMERICA and DOES 1 through 20,

       Defendant.
_____/

No. C-08-3672 PJH

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction or in the alternative for a more definite statement came on for hearing before this court on October 29, 2008. Plaintiff, Janet Shalwitz ("Shalwitz"), appeared through her counsel, Cary S. Kletter. Defendant, Health Initiatives for Youth ("HIFY"), appeared through its counsel, Kurt W. Melchior. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion to dismiss WITH LEAVE TO AMEND, for the reasons stated at the hearing, and as follows.

## BACKGROUND

This is an ERISA case, challenging the denial of payment of long-term disability ("LTD") benefits. Shalwitz, a San Francisco resident, was an employee of defendant HIFY, a San Francisco based healthcare organization which also engages in lobbying. Defendants Reliance Standard Life Insurance Company ("Reliance") and Unum Life Insurance Company of America ("Unum") are both insurance companies that provided HIFY with LTD group benefits plans.

Shalwitz worked for HIFY as a pediatric physician from September 2001 through September 2005. Shalwitz alleges that HIFY maintained a group benefits plan, which included LTD benefits, for its employees. Shalwitz further alleges that HIFY informed her when she was hired that she would be included in the group benefits plan upon the commencement of her employment, and that she would be entitled to LTD benefits. While employed by HIFY, she allegedly was repeatedly informed that she was a participant in HIFY's group benefit plan and that she was covered under the LTD insurance policies.

On or about September 25, 2005, Shalwitz became totally disabled due to spinal stenosis and failed back surgery. Shalwitz alleges that as a result, she suffers from severe pain, near constant discomfort, inability to sit or stand in the same location for any meaningful period of time, inability to lift objects that nondisabled persons can lift, as well as other manifestations of total disability. As a result of her disabilities, Shalwitz became unable to perform the duties of her position with HIFY. Shalwitz subsequently filed a claim with Reliance and Unum seeking LTD benefits. Both insurers denied her claims.

HIFY moved to dismiss Shalwitz's complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1) for lack of subject matter jurisdiction, or in the alternative, for a more definite statement pursuant to FRCP 12(e).

**DISCUSSION**

A.  Legal Standard

In evaluating a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. See, e.g., Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000) (citations omitted). In order to survive a dismissal motion, however, a plaintiff must allege facts that are enough to raise his or her right to relief "above the speculative level." See Bell Atlantic Corp. v. Twombley, --- U.S. ---, 127 S. Ct. 1955, 1964-65 (2007). While the complaint "does not need detailed factual allegations," it is nonetheless "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and

2

1 conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.
2 In short, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its
3 face," not just conceivable. Twombley, 127 S. Ct. at 1974.

### B. Defendant's Motion to Dismiss

HIFY contends that Shalwitz is not a plan participant and therefore does not have standing to bring a civil ERISA action.

Under ERISA's civil enforcement provision, a plan participant, beneficiary, fiduciary, or the Secretary of Labor may bring a civil action. 29 U.S.C. § 1132(a). Accordingly, the Supreme Court has held that a federal court has no jurisdiction to hear a civil action under ERISA that is brought by a person who is not a "participant, beneficiary, or fiduciary." Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27 (1983). "Whether a person is a plan participant must be decided as of the time of the filing of the lawsuit." Harris, 26 F.3d at 933. In ``order to be a plan participant, a former employee must have "a reasonable expectation of returning to covered employment or a colorable claim to vested benefits." Firestone Tire & Rubber Co., 489 U.S. at 117; Harris, 26 F.3d at 933.

Thus, in order to have standing to bring an ERISA claim, Shalwitz must have been a plan participant at the time she filed this lawsuit. Preliminarily, Shalwitz incorrectly argues that the court must take as true her allegation that she was a plan participant. However, the court must only take as true the complaint's material *factual* allegations. See, e.g., Burgert, 200 F.3d at 663 (emphasis added). Therefore, whether Shalwitz was a plan participant at the time of filing the lawsuit is a legal determination to be made by the court.

Turning to the question of whether Shalwitz was a plan participant when she filed the lawsuit, her status as a former employee requires that she prove either that she has a reasonable expectation of returning to covered employment, or that she has a colorable claim to vested benefits. See Firestone Tire & Rubber Co., 489 U.S. at 117. Shalwitz does not reasonably expect to return to covered employment, as her total disability caused her to

stop working in the first place. Accordingly, the court must determine whether Shalwitz had a colorable claim to vested benefits at the time the lawsuit was filed.

In <u>Curtis v. Nevada Bonding Corporation</u>, 53 F.3d 1023, 1025-26 (9th Cir. 1995), the plaintiff filed a claim against his employer alleging that the defendant had promised to provide insurance coverage but failed to do so, leaving the plaintiff uninsured when he was diagnosed with cancer. The defendant's group insurance policy, governed by ERISA, provided that new employees were not eligible for benefits until the first day of the month following the first ninety days of employment. <u>Id</u>. at 1025. Because the plaintiff's cancer diagnosis occurred before the ninety-day period expired, the court held that he "never became *eligible* to receive benefits under the ERISA plan prior to his diagnosis with cancer and so does not have a colorable claim that he will prevail in a suit for benefits under ERISA." <u>Id</u>. at 1029 (emphasis in text).

Although Shalwitz has alleged that HIFY failed to properly secure the LTD benefits which it promised to provide, Shalwitz's complaint suggests that she may not have been a beneficiary of an ERISA plan. <u>See</u> First Am. Compl ¶¶ 32, 34 (alleging that HIFY "*may not have properly secured LTD benefits for [Shalwitz]*' and that "HIFY breached that agreement by failing to provide Dr. Shalwitz with LTD benefits."). Thus, as in <u>Curtis</u>, there is a possibility that Shalwitz never became eligible to receive benefits, and was never a plan participant.

However, this case is less clear than <u>Curtis</u> because there are no additional circumstances, such as a ninety-day eligibility period, which make certain that Shalwitz was not and could not have been a plan participant. Indeed, the complaint is contradictory on this point. On the one hand, it alleges that HIFY told Shalwitz when she was hired that she would be included in the group benefits plan once her employment began, and that among other benefits, she would be entitled to long term disability benefits. First Am. Compl. ¶ 11. Moreover, the complaint alleges that during Shalwitz's employment, HIFY "repeatedly informed [her] that she was a participant in HIFY's group benefit plan and that she was

4

covered under the LTD insurance policies." First Am. Compl. ¶ 12. If taken as true, these factual allegations suggest that Shalwitz was under the impression that she was, and may have actually been, a plan participant.

On the other hand, as noted above, Shalwitz alleges that HIFY "may not have properly secured LTD benefits for her," id. at ¶ 32, implying that she may not have been a plan participant at the time of filing the suit and therefore may not have had a colorable claim to vested benefits at that time. If so, then the court has no jurisdiction to hear the case because "whatever the reason," she was not a plan participant. Harris, 26 F.3d at 933 (holding that even though plaintiff's nonparticipation in plan was due to fraud, the court still had no jurisdiction because he was not a plan participant).

At the hearing, Shalwitz's counsel acknowledged the ambiguity in the complaint and recognized that an amendment is necessary. Thus, if Shalwitz's intent is, as counsel indicated at the hearing, to allege that she was a plan participant at the time of filing the suit, the complaint must be amended to clearly reflect this position. Although Shalwitz's opposition brief claims that she was included in the benefit plan, the complaint alone does not clearly allege this point and must be amended.

Shalwitz's counsel also suggested at the hearing that supplemental jurisdiction exists over a state law breach of contract claim. However, if Shalwitz intends to allege that HIFY failed to include her in the plan after promising to do so and thereby breached a contract, Shalwitz must make clear that she was not a plan participant. Additionally, Shalwitz did not allege a breach of contract claim in the first amended complaint. Thus, in order for the court to exercise supplemental jurisdiction over any state law claim, Shalwitz must first amend the complaint to allege a state law claim.

Accordingly, Shalwitz must file an amended complaint electing to allege either that Shalwitz was a plan participant, or that she was not a plan participant and that HIFY breached a contract by failing to include her in the plan.

C.  Conclusion

For the foregoing reasons, and as stated above, the court GRANTS defendant's motion to dismiss WITH LEAVE TO AMEND.  Shalwitz must amend the complaint within two weeks from the date of the hearing.  Defendants Reliance and Unum may file an amended answer, and defendant HIFY may file either an answer or another motion to dismiss within twenty days thereafter.  The court anticipates that the question whether plaintiff was or was not a plan participant or beneficiary will be determined early in this litigation by summary judgment motion.  Notwithstanding the unsettled pleadings, the case management conference scheduled for November13, 2008, will go forward as the court is interested in addressing all of the parties.

**IT IS SO ORDERED.**

Dated: October 31, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge